STATE OF NORTH CAROLINA v. DAVID WILLIAM WISE

No. 7510SC583

(Filed 3 December 1975)

1. Safecracking— use of tools to open safe — sufficiency of evidence

The State's evidence in a prosecution for safecracking was sufficient to raise an inference that the safe in question was forced open by the use of tools where it tended to show that a pickax was found in the office from which the safe was removed; a truck stolen at the same time as the safe, and found near the safe, contained a variety of tools; the safe when found was badly battered with damage and scratches on its top; and the door of the safe had been ripped off.

2. Criminal Law § 86— defendant's testimony as to deal with officer — another charge — no impeachment

Where defendant testified on direct examination that he had a deal with a police officer regarding another charge, the trial court properly allowed the district attorney to clarify the matter on cross-examination.

3. Criminal Law § 169— exclusion of testimony — absence of answers in record

Defendant failed to show that he was prejudiced by the exclusion of testimony where the record fails to show what the testimony would have been had the witness been allowed to answer the questions propounded.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 12 February 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 22 October 1975.

The defendant, David William Wise, was charged in separate bills of indictment, proper in form, with safecracking in violation of G.S. 14-89.1, and the felonious larceny of a 1974 Ford truck belonging to Mimsco Co., Inc.

The jury found defendant guilty as charged in both bills of indictment. From judgments imposing a prison sentence of twelve (12) to eighteen (18) years on the charge of safecracking and five (5) years on the charge of felonious larceny, the prison sentences to run consecutively, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Ralf F. Haskell and Associate Attorney Sandra M. King for the State.*

*Weaver, Noland & Anderson by William Anderson for defendant appellant.*

HEDRICK, Judge.

Defendant assigns as error the denial of his motion for judgment as of nonsuit in the case charging him with safecracking. The evidence, when considered in the light most favorable to the State, tends to show the following:

The defendant, David Wise, worked for Mimsco Company, Inc. (Mimsco) occasionally as a "laborer," the last time being Saturday, 16 November 1974. At the end of that day, he was paid out of the petty cash box along with several other laborers. They stood outside the office in a room where keys to Mimsco's trucks were kept. There was also visibility from that room through a doorway into the office where the safe was kept. After all the laborers were paid that day, the safe was secured along with the building, and the Mimsco employees went home.

Otis Edmundson, owner of the Person Street Grill, testified that he and defendant were "right good friends" and that defendant was a regular customer of his. On 17 November 1974 at about 6:30 p.m., defendant was in the Person Street Grill. He wanted to rent Edmundson's car for $50.00 but Edmundson refused. Defendant told Edmundson he wanted the car so he could "get a safe." When Edmundson refused to rent his car, defendant responded: "Okay, so I will go steal me one." Defendant then left.

At about 8:30 or 9:00 p.m., defendant returned and told Edmundson that he had stolen a '74 truck. He then showed Edmundson the truck parked outside the back door of the Grill. It was a white Ford truck with bins on the side of it. There were pipes and other things sticking out the back of the truck.

On Monday, 18 November 1974, Edmundson again talked with defendant. Defendant told him that "him and some more guys got a safe" Sunday night. Defendant said there was over $1,500.00 in the safe and that he had bought a car with $200.00 of the money. Edmundson described the car as a white Oldsmobile.

Donald Bryant, vice president of Mimsco, testified that when he came to work on Monday, 18 November 1974, a white '74 Ford truck with bins on the side was missing. The truck was a fully equipped electrician's truck, containing drills, hand tools, hammers, bending equipment, pliers, screwdrivers, and other equipment. In addition, the safe in the office had been ripped off the stand connecting it to the floor and was likewise gone. The office was in a "shamble" and there was a "pickax" sitting on the floor. Bryant also found on the floor a piece of carbon paper with a heel mark imprinted on it which he turned over to the police.

On Wednesday, 20 November 1974, defendant came to the police station looking for Detective McLamb. Defendant was intoxicated at the time and said he had information about a truck. Detective Ausley informed defendant that McLamb was on a hunting trip but that he was also working on that same case. After some discussion, Ausley and defendant drove out to the Neuse River in defendant's car. Defendant and Ausley went down a dirt road, where defendant showed Ausley the white '74 Ford truck which had been stolen from Mimsco. Scattered around the area was a large amount of debris, and tools were lying about in and around the truck. Mimsco's safe was lying down an embankment between the truck and the river. The safe was "badly battered." The door had been ripped off and there were "places around the top of the safe where it had been apparently damaged and scratched up."

When Ausley and defendant returned to the police station, Ausley removed defendant's shoes. Subsequent analysis by an expert from the State Bureau of Investigaiton revealed that the right shoe was the same shoe which had made the heel mark on the carbon paper found in Mimsco's office.

The State offered, in addition, testimony of Loy Etheridge, an employee of Sir Walter Chevrolet Company. He testified that on Monday, 18 November 1974, defendant had purchased a 1960 white Oldsmobile, paying $131.25 in cash.

---

---

[1] Defendant argues that the evidence was insufficient to raise an inference that the safe in question was forced open "by the use of explosives, drills, or tools." We do not agree. The evidence tending to show that a "pickax" was found in the office from which the safe was taken; that a truck stolen at the same time as was the safe, and found near the safe, contained a variety of tools; that the safe when found was "badly battered" with damage and scratches on its top; and that the door had been ripped off, in our opinion, is sufficient to raise an inference that the safe was forced open by the use of tools. The evidence is sufficient to require the submission of the case to the jury and to support the verdict.

Defendant's remaining assignments of error relate to the admission and exclusion of testimony. First, defendant contends the court erred in "admitting into evidence the incriminating statements obtained from the defendant prior to the Miranda warnings." All of the exceptions upon which this contention is based relate to findings of fact and conclusions of law made by the trial judge after a voir dire hearing to determine the admissibility of the testimony of Detective W. E. Ausley regarding defendant's coming to the police station to tell the officer that he had some information as to the whereabouts of the stolen truck. These exceptions raise the question of whether the evidence adduced at the voir dire hearing is sufficient to support the facts found and whether such facts support the conclusions of law made by the trial judge. Defendant does not argue either of these questions. However, the record is replete with evidence supporting the facts found, and these facts support the conclusion that all of the statements made by defendant were voluntary. There is nothing in the record to suggest that defendant was in custody or under any type of restraint or that he was even under investigation. Furthermore, none of the statements attributed to him could be said to be incriminating. Although the question is not properly presented, we hold the testimony the defendant has attempted to challenge by this assignment of error was clearly admissible.

[2] Next, citing State v. Williams, 279 N.C. 663, 185 S.E. 2d 174 (1971), and State v. Stimpson, 279 N.C. 716, 185 S.E. 2d 168 (1971), defendant contends the court erred in overruling defendant's objections to a question on cross-examination. The record discloses that on direct examination defendant testified: "I was going to see Mr. McLamb. On account of a deal that we

had going between us on another charge. It was a deal to furnish him information that would bust Billy Ray West." In response to the district attorney's cross-examination with respect to the charge resulting in the deal with Officer McLamb, defendant testified:

> "It was supposed to be a B and E [breaking and entering]. Mr. McLamb caught me inside the Person Street Tavern. And he told me that if I would help him out, that he would suggest to the District Attorney's office that I be allowed to plead to a misdemeanor in that case instead of a felony."

Clearly defendant opened the door to the question complained of. We think it would have been grossly unfair to allow defendant to suggest on direct examination that he had a "deal" with a police officer regarding another charge and not permit the district attorney to clarify the matter by cross-examination. In any event, we do not agree as argued by defendant that "[t]he question here propounded to the defendant . . . was one specifically prohibited by the above case law." This assignment of error is overruled.

[3] Finally defendant contends "[t]he Court erred in sustaining the State's objections to defendant's questions of Detective Ausley as to whether he was familiar with a letter from or communication with Detective McLamb seeking Mr. Wise's assistance . . . . " We have examined the two questions to which objections were sustained. The first seeks to elicit a response concerning the contents of a letter. The second question uses the more general term "communication" rather than "letter," but it likewise is designed to have Detective Ausley testify to the verity of the contents of a communication to which he was not privy. There is nothing in the record to indicate what Ausley's testimony would have been had he been allowed to answer the questions propounded. Thus, the defendant has failed to show that he was prejudiced by the court's sustaining the State's objections to the two questions. This assignment of error is not sustained.

We hold defendant had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge CLARK concur.